IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH  DIVISION

RYAN A. EMBREE                                                              PETITIONER

V.                        CIVIL NO.  2:07-CV-02099-JRM

FRANK ATKINSON,
Sheriff of Sebastian County, Arkansas                              RESPONDENT

**O R D E R**

Before the court is the Petition for Writ of Habeas Corpus by Person in State Custody

(Doc. 1) pursuant to 28 U.S.C. Section 2241 and 28 U.S.C. Section 2254 filed on September 18,

2007.  The Respondent filed his answer (Doc. 5) on October 12, 2007.  The parties both executed

a Consent to Jurisdiction by United States Magistrate Judge (Doc. 6) on November 6, 2007 and

the matter was set for hearing on December 20, 2007.

At the hearing the Petitioner appeared and was represented by his attorneys Eddie

Christian, Jr. and Jeff Rosenzweig and the Respondent appeared and was represented by his

attorney Dan Shue.

**Background:**

Petitioner was convicted in Sebastian County District Court on January 27, 2004 of the

offense of Battery in the Third Degree, a Class A misdemeanor, and was sentenced to 12 months

in jail with six months suspended.  Following his conviction the Petitioner testified that he

immediately announced his intention to appeal the conviction to his attorney and his attorney

announced to the trial court his intention to appeal. An appeal bond was set at $3,500.00 by the

District court. The initial bond at the time of arrest was set at $1500.00.  (Petitioner's Exhibit #5,

Page 1

ADD. 17 and ADD. 40) The Petitioner's attorney wrote and faxed a letter to the bonding company on January 27, 2004, the same day as the trial,  which stated that "[T]he Defendant is requesting an Appeal in the above-styled case and request that you stay on the same bond." (See Petitioner's Exhibit 3) The appeal bond was paid on the same day, (See Petitioner's Exhibit 4) and the bonding company acknowledged the attorney's letter and agreed to stay on the bond. (See Petitioner's Exhibit 3)

The Petitioner's attorney did not testify at the hearing but had previously supplied an affidavit (Petitioner's  Exhibit 2) which stated that he had "no doubt that Mr. Embree believed that I would file the notice of appeal and any other documentation or records necessary to perfect that appeal in a timely manner".

Patricia Embree stated by affidavit that she met with Petitioner's attorney immediately after the trial on January 27, 2004 and Petitioner's attorney stated that "I should not worry about the six month jail sentence which the Court imposed as the conviction and sentence would be appealed to Circuit Court".  (Petitioner's Exhibit 5, ADD. 44)

The Petitioner's father testified that he understood the appeal process to be proceeding as it should and in the Summer of 2004 he moved his family to Texas because of business reasons. Neither he nor the petitioner knew there was any problem until August of 2005 when the petitioner, attempting to get his license renewed in Texas, discovered the outstanding warrant on the battery charge.  They returned to Arkansas to surrender on the warrant and discovered that the case had never been appealed to the Sebastian County Circuit Court.

Mr. Ron Embree testified that he immediately hired an attorney in Fort Smith who attempted to file a belated appeal but that was denied by an order entered on July 5, 2006 in

Page 2

which the Sebastian County Circuit court found that the "Arkansas Supreme Court has held that the thirty day requirement for filing under Rule 9 is mandatory and jurisdictional and the circuit court has no authority to accept untimely appeals". See Petitioner's Exhibit #5, ADD. 64.  The court dismissed the motion for belated appeal and the Circuit Court's ruling was upheld by the Arkansas Supreme Court (Petitioner's Exhibit #8) on November 30, 2006.

The Petitioner was committed to the custody of the Sebastian County Sheriff and filed this motion for Habeas relief under 28 U.S.C. Section 2254 on September 18, 2007.

**Discussion:**

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1).

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). The Petitioner has asserted and the Respondent has agreed that the Petition was properly filed and, by implication, acknowledges that facts exist which are sufficient to constitute equitable tolling.

The Respondent also has not argued that the Petitioner has not exhausted his state court remedies. 28 U.S.C. Section 2254 provides that:(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that

Page 3

render such process ineffective to protect the rights of the applicant.

Before a state prisoner is entitled to federal habeas corpus relief, he must first exhaust his state remedies and present the habeas claim to the state court. *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir.1994). When reviewing a federal habeas corpus petition, we can usually only consider "those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir.1992). If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now. We will not review a procedurally defaulted habeas claim because "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir.1994) (internal quotation and citation omitted). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).  *Abdullah v. Groose*  75 F.3d 408, *411 (C.A.8 (Mo.),1996)

It appears that the Petitioner has exhausted all state remedies that were available to him. He was foreclosed from filing a Rule 37 Petition because more than 90 days had expired from the time judgment was entered on January 24, 2004. He had filed a motion to file a belated appeal which was denied as not timely by the Sebastian County Circuit Court and that order had been

reviewed by the Supreme Court and affirmed.

Amendment 80 to the Arkansas Constitution provides that "[D]istrict Courts are established as the trial courts of limited jurisdiction as to amount and subject matter, subject to the rights of appeal to Circuit Courts for a trial de novo". *See Arkansas Constitution, Amendment 80, Section 7(A).*

The Arkansas Constitution provides that the "right of trial by jury shall remain inviolate, and shall extend to all cases at law..." (*Ark. Constitution, Article 2, Section 7* and *Article 2, Section 10*)  There is no right to a jury trial in municipal (District) court, except the right remains inviolate when pursued on appeal to circuit court.  *Edwards v. City of Conway*, 300 Ark. 135 (1989)

Arkansas has a two-tier criminal justice system.  The District and Circuit Courts have concurrent jurisdiction over this particular misdemeanor case. *(See Arkansas Constitution, Amendment 80, Section 7(B))*.  This means that the Prosecuting Attorney could have filed the case in either the Sebastian County District Court or the Sebastian County Circuit Court.

There is nothing inherently unconstitutional in the Arkansas two-tier system. In State v. Webb the Arkansas Supreme Court affirmed the constitutionality of the Arkansas two-tier system when it stated that "the two-tier system of providing a trial by jury for accused misdemeanants has withstood constitutional scrutiny in both the United States Supreme Court, and this Court." *State v. Webb*, 323 Ark. 80 (1996);  *Velek v. Arkansas*  198 F.R.D. 661, 665 (E.D.Ark.,2001).

The issue in this case is not a dispute over the structure of the two-tier system but the inequity it has caused when a person, because of ineffective assistance of counsel, is denied the ability to appeal the District Court judgment to Circuit Court.

Page 5

All appeals from district courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgment.  *See Arkansas District Court Rules, Rule 9 (a)*.  This provision has been held by the Arkansas Supreme Court to be jurisdictional to the circuit court. *Ottens v. State*, 316 Ark 1, (1994).  The Circuit Court properly stated this in its order dated July 5, 2006. (Petitioner's Exhibit #5, ADD. 65) The court also cited *Lineberry v. State*, 322 Ark 84, and *Bocksnick v. City of London*, 308 Ark. 599 in its order denying the motion for belated appeal.

Since no appeal was filed the circuit court was effectively precluded, by rule, from gaining jurisdiction and the petitioner was precluded from having a jury trial to determine his guilt and his punishment on the charge.  The ultimate issue is whether the Petitioner received ineffective assistance of counsel when his attorney failed to file the appeal from district to circuit court.

A defendant "faces a heavy burden" to establish ineffective assistance of counsel. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000)  First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is met when the defendant shows that counsel's representation fell below the " 'range of competence demanded of attorneys in criminal cases.' " Id. at 688 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when the defendant

Page 6

shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Court "must indulge a strong presumption that [trial] counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); see *Parker v. Bowersox*, 188 F.3d 923, 928 (8th Cir.1999) (same). *Boyles v. Weber* 2007 WL 2288125, *4 (D.S.D.) (D.S.D.,2007)

   If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000) For such a claim to succeed, however, the client must show that he instructed his counsel to file an appeal. Id. A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. Id. Moreover, "ineffective assistance of counsel cannot be presumed from the failure to advise that an appeal be taken ..." *United States v. Neff*, 525 F.2d 361, 364 (8th Cir. 1975). Where the record indicates that defense counsel did consult with the client about the right to file an appeal, and there is an absence of any evidence in the record to counter defense counsel's testimony that he never received express instructions from the client about an appeal, the client cannot make out an ineffective assistance claim, and cannot

show that the district court is required to hold an evidentiary hearing. *United States v. Arvizu*, 270 F.3d 605, 606 (8th Cir. 200)

In this case it is clear that the Petitioner's attorney had express instructions to appeal his client's conviction to the Sebastian County Circuit Court. The Petitioner clearly declared his intention to appeal. (Plaintiff's Exhibit #1, Affidavit of Ryan Embree, Plaintiff's Exhibit #2, Affidavit of John Settle) He announced to the District court that he was going to appeal and the court set conditions of release on appeal. (Petitioner's Exhibit #5, ADD 22) He secured an appeal bond amount from the trial court (Petitioner's Exhibit #5, ADD. 23), an agreement from the bonding company to undertake the bond (Petitioner's Exhibit #3) and the client paid the bond fee.(Plaintiff's Exhibit #4)

There is no question that the representation by the  Petitioner's attorney was deficient and that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.

It is clear that if the same conduct which occurred in this case occurred in a case that was pending in Circuit court the Arkansas Supreme court would grant a belated appeal.

As Justice Newbern stated in his concurring opinion of  Edwards v. City of Conway "[F]ailure of counsel to perfect an appeal is a basis for granting a belated appeal from a circuit court to an appellate court. In re Belated Appeals in Criminal Cases, 265 Ark. 964 (1979); *Ellis v. State*, 276 Ark. 560, 637 S.W.2d 588 (1982); *Nelson v. State*, 272 Ark. 287, 613 S.W.2d 598 (1981). *See Ark.R.Crim.P. 36.9.* Just as we have the power to grant such appeals from the circuit court, the circuit court should have the power to grant belated appeals, upon a showing of good cause, from the municipal court. The court's opinion correctly reveals that the circuit court does

not now have that power. While the decision is correct, it reveals an unfair gap in our rules. Until we adopt a rule permitting a circuit court to grant, upon a showing of good cause, a belated appeal from a municipal court, it is my opinion that this court has the authority to permit a belated appeal from a municipal court to a circuit court, and we should exercise it.

Arkansas R.Crim.P. 1.2 provides: These rules shall govern the proceedings in all criminal cases in the Supreme Court and in circuit courts of the State of Arkansas. They shall also apply in all other courts where their application is practicable or constitutionally required.

It is practicable, for now, to apply Rule 36.9[1] to appeals of municipal court proceedings. The appellants should be allowed to petition this court for a belated appeal of their case from the municipal to the circuit court, based upon the affidavit of their counsel stating that he mistakenly failed to perfect their appeal on time". *Edwards v. City of Conway* 300 Ark. 135, *138-139, 777 S.W.2d 583,**585 (Ark.,1989)

The Edwards case involved appellants who were convicted of the misdemeanor offense of hunting turkey in a closed zone.  No jail sentence was imposed and because it was deemed a "petty offense" the right to a jury trial was not guaranteed.  *See Duncan v. Louisiana*, 391 U. S. 145, (1968)

That is hardly the case here where the Petitioner was charged with and convicted of a Class A Misdemeanor which can carry up to one year in jail.  The right to a jury trial on such a charge is guaranteed by both the Constitution of the State of Arkansas and the United States.

The Arkansas Supreme Court has been vigorous in protecting the right to a jury trial once

---

[1]Effective January 1, 1996, sections of former Rule 36 of the Arkansas Rules of Criminal Procedure have been recodified in the Revised Rules of Appellate Procedure.  To that extent Rules 36.1 through 36.26 are deemed superseded.

the defendant has filed his appeal from District Court to Circuit Court. (See Ayala v. State, 365 Ark. 192 (2006) where the court reversed the trial court when it dismissed the appeal because the defendant failed to appear for a pre-trial conference.  The Petitioner was precluded from that protection because no appeal was perfected by his attorney.

### Conclusion:

In this case the Petitioner, because of ineffective assistance of counsel, was denied his ability to have a jury trial on the charge of Battery in the Third Degree.  Because of procedural rules there appears to be an absence of available state corrective process or circumstances which exist that render such process ineffective to protect the rights of the applicant.

The Motion for Habeas relief is granted and the Petitioner is hereby ordered to be released from the custody of the Sebastian County Sheriff forthwith and the sentence imposed by the Sebastian County District Court is hereby vacated and the case is remanded to the District Court of Sebastian County for re-sentencing within 120 days or the Petitioner shall be discharged.

IT IS SO ORDERED this 21st day of December 2007.


 /s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE